UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ronald Donald Dingle, #200958 | ) | |
|---|---|---|
| | ) | C/A: No. 4:09-01159-PMD-TER |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden, Stevenson, Broad River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Ronald Donald Dingle's ("Petitioner") *pro se* amended petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on May 20, 2009.[1] On June 25, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Petitioner's habeas corpus petition be summarily dismissed for failure to exhaust state remedies. Petitioner filed an objection to the R&R on July 10, 2009 and filed a supplemental objection to the R&R on July 29, 2009. Having reviewed the entire record, including Petitioner's Objections, the court declines to adopt the Magistrate Judge's recommendation that Petitioner's application be dismissed for failure to exhaust; however, the court dismisses Petitioner's habeas petition for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Petitioner is currently confined at the Broad River Correctional Institution of the South Carolina Department of Corrections. On December 22, 1992, Petitioner, a seventeen year old juvenile, was charged in Sumter County with assault and battery with intent to kill, two counts of possession of a weapon during a violent crime, two counts of possession of a sawed-off shotgun,

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

first degree burglary, kidnapping, pointing a firearm, and murder. While out on bond for the Sumter County charges in June 1993, Petitioner was arrested for trafficking cocaine in Lee County. In September 1993, Petitioner pled guilty to the Lee County trafficking cocaine charge and was sentenced to three years imprisonment and fined $25,000.

In April 1995, Petitioner entered into a negotiated plea of guilty to the Sumter County charges. In exchange for a guilty plea, Petitioner was to be eligible for parole and immune from the death penalty. The plea court sentenced Petitioner on the Sumter County charges to *consecutive* terms of: life imprisonment on both the murder and burglary charges; twenty years imprisonment for assault and battery with the intent to kill; five years imprisonment for each count of possession of a weapon during violent crime; ten years imprisonment for each count of possession of a sawed-off shotgun, and five years imprisonment for pointing a firearm. Additionally, as part of the plea agreement and in order to avoid ineligibility for parole for a subsequent conviction,[2] Petitioner's prior Lee County conviction for trafficking cocaine was vacated. During the same hearing on the Sumter County charges, Petitioner re-pled guilty to the Lee County trafficking cocaine charge and was resentenced to a concurrent term of three years and $25,000 fine. Throughout the sentencing hearing, the parties and the plea judge all indicated their intent that Petitioner would be eligible for parole after serving thirty years of his life sentence.

While in jail, Petitioner learned that the effect of his sentences running consecutively, as opposed to concurrently, was to render him ineligible for parole. Petitioner then filed an application for post conviction relief ("APCR") on February 9, 1996, arguing that he did not get

---

[2] The prior Lee County plea would have rendered Petitioner ineligible for parole had it not been vacated and the plea re-entered at the same time as his Sumter County plea because under South Carolina Code section 24-21-640 a parole "board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60." Although trafficking was not defined as a violent crime at the time Dingle originally entered his Lee County plea, trafficking was defined as a violent crime at the time of his Sumter County plea.

the benefit of parole eligibility that was part of the basis of his plea bargain. On December 5, 1997, the PCR judge granted the Petitioner relief in an order vacating the Sumter County sentences and remanding the matter "for sentences consistent with the intent of the plea agreement or for a new trial." (R. p. 191). The PCR judge did not address the Lee County trafficking cocaine plea and sentence.

For reasons that are not apparent in the record, Petitioner's case was not called for several years. After Petitioner filed a motion for a speedy trial, a hearing was held on July 28, 2005 at the Sumter County Court of General Sessions. At this hearing Petitioner testified that: he wanted a new trial; the decision between resentencing and a new trial was his decision to make; he understood he could face life without parole if convicted; the court could not restructure his sentence and make him parole eligible; and he did not get the full benefit of the bargain when the death penalty, the major motivator in his plea negotiations, was later ruled unconstitutional for minors.[3]

The circuit court denied Petitioner's motion for a new trial and interpreted the PCR judge's order as a directive to resentence Petitioner "in accordance with the agreement and if the State is not willing to do that then [Petitioner] would be entitled to a new trial." (R. at 107.) The court found it could give Petitioner the benefit of his plea bargain without ordering a new trial. Despite Petitioner's arguments that he would not be eligible for parole if he were resentenced because the new sentencing date would constitute a "subsequent offense," the court found that Petitioner could receive the benefit of his plea bargain if the court ordered the State, the Department of Corrections, and the Department of Probation, Parole, and Pardon Services to only consider the murder conviction for purposes of computing parole eligibility and to disregard all other convictions. The court also rejected Petitioner's argument that he was entitled to a new

---

[3] *Roper v. Simmons*, 543 U.S. 551 (2005) (holding the death penalty for minors to be unconstitutional).

trial because the major factor motivating Petitioner to plead guilty was to avoid the death penalty, later outlawed for minors by the Supreme Court in *Roper v. Simmons*, 543 U.S. 551 (2005). The court imposed life imprisonment with eligibility for parole after 30 years for murder. The court also re-imposed the original sentences given to Petitioner on the Sumter County charges, but the sentences were ordered to run concurrently instead of consecutively. Finally, the court reserved the right to amend its order to carry out the intent of the plea bargain that Petitioner be eligible for parole after thirty years. Petitioner moved to alter or amend the judgment, and the court denied the motion. Petitioner then filed an appeal to the South Carolina Supreme Court.

On appeal, Petitioner was represented by Tara Dawn Shurling, Esquire. Petitioner argued that "the circuit court abused its discretion by not allowing him to withdraw his guilty plea and have a new trial because: (1) resentencing him on the Sumter County convictions would amount to a 'subsequent conviction' such that he would be ineligible for parole anyway; and (2) it was his choice as to whether he was resentenced or entitled to a new trial, especially in light of the fact that he no longer had the full benefit of the original bargain because the death penalty was later found to be unconstitutional for minors." *State v. Dingle*, 659 S.E.2d 101 (S.C. 2008).

The South Carolina Supreme Court affirmed the decision of the circuit court to resentence Petitioner instead of ordering a new trial and also found Petitioner's argument that *Roper v. Simmons* deprived him of the benefit of his plea deal to be meritless. However, the Court found that the circuit court had committed an error in ordering the parole board to only consider the murder conviction when determining parole eligibility. *See* S.C. Code Ann. § 24-21-640 (noting that the parole board has the sole authority to determine parole eligibility based on the prisoner's complete record). The Court found that even without the Parole Board being

instructed to only consider the murder conviction for purposes of parole, Petitioner would still be eligible for parole because the resentencing of his Sumter County charges was not a "subsequent conviction" rendering him ineligible for parole under South Carolina Code section 24-21-640.

On the advice of counsel, Petitioner filed a second PCR to argue that *Roper v. Simmons* stripped him of the primary benefit of his plea deal—avoiding the death penalty. On July 14, 2009, the PCR court issued a conditional order of dismissal stating that Petitioner's claims were barred by *res judicata*. After twenty days without objection, the conditional order became final.

Petitioner filed this amended habeas petition on May 20, 2009 asserting the following grounds for relief:

> 1. Petitioner, a minor at the time of the offense, would not have pled guilty if he had not faced the death penalty as a possible sentence. The Supreme Court's holding in *Roper v. Simmons* removed the possibility that Petitioner could face the death penalty. Therefore, the benefit of the negotiated plea has been substantially diminished.
>
> 2. The trial judge abused his discretion in refusing to allow the petitioner to withdraw his guilty plea. The trial judge should have honored Petitioner's request for a new trial instead of resentencing Petitioner because only by withdrawing the guilty plea and ordering a new trial could Petitioner receive the benefit of the new Constitutional rule that the death penalty is unconstitutional as applied to minors.
>
> 3. Petitioner was entitled to be able to choose the remedy of a new trial. Because Petitioner could no longer be lawfully executed under *Roper v. Simmons*, Petitioner no longer was receiving the full benefit of the plea bargain.
>
> 4. The trial judge committed an abuse of discretion, amounting to an error of law in denying Petitioner's request for a new trial. The trial judge was not able to give Petitioner the benefit of his bargain by resentencing him because the resentence for murder constitutes a subsequent conviction, which deprives Petitioner of the possibility of parole.

# STANDARD OF REVIEW

## A. Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## B. Section 2254 Petitions

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

**C.    *Pro Se* Litigants**

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**ANALYSIS**

**I.    Petitioner has exhausted his state remedies.**

The Magistrate Judge recommended dismissing Petitioner's habeas application for failure to exhaust state remedies. Under section 2254's exhaustion rule, before a federal court can review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* 28 U.S.C. §§ 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (holding that "the substance of a federal habeas corpus claim must first be presented to the state courts"). The Magistrate Judge found that because Petitioner's second APCR was still pending in state court, the court must dismiss the habeas petition until Petitioner's current APCR is decided, and if denied after an appeal.

The court finds that Petitioner has met the exhaustion requirement and thus declines to adopt the recommendation of the Magistrate Judge. First, Petitioner's second APCR pending at the time the Magistrate Judge issued his R&R has since been dismissed on the basis of *res*

*judicata*. Petitioner also states that he only filed a second APCR on advice of counsel and out of an abundance of caution, but that he believes he has already thoroughly presented the issues he raises in his habeas petition to South Carolina state courts. The court finds that Petitioner has raised the arguments presented in his habeas petition to both the circuit court and the South Carolina Supreme Court. During the resentencing hearing, Petitioner's counsel repeatedly raised Petitioner's *Roper v. Simmons* argument and Petitioner's argument that a resentence for the murder charge would constitute a subsequent conviction for a violent crime therefore disqualifying Petitioner from the possibility of parole. (R. pp. 31-64). The circuit court judge held that the court could avoid the murder resentencing from blocking Petitioner's eligibility for parole by ordering the parole board to only base Petitioner's eligibility for parole on the murder conviction. Second, the circuit court held that *Roper v. Simmons* was not applicable to Petitioner's case. On appeal, the Supreme Court held that while the circuit court could not order the parole board to base their parole decision only on the murder conviction, the circuit court was able to achieve the goal of making Petitioner eligible for parole by resentencing him and without a new trial. The Supreme Court also held that the holding of *Roper v. Simmons* did not hinder Petitioner from receiving the benefit of his plea bargain, and thus did not entitle Petitioner to a new trial. As Petitioner's habeas allegations were properly raised and addressed by the circuit court and South Carolina Supreme Court, the court finds that Petitioner has exhausted his state remedies. Therefore, the court will address the merits of his claim.

II.     **Petitioner has failed to state a claim on which relief can be granted.**

Petitioner's complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the

privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court finds that Petitioner has failed to state a claim upon which relief can be granted.

Petitioner's first three grounds for habeas relief essentially all argue that the circuit court should have granted Petitioner a new trial and should have allowed Petitioner to withdraw his guilty plea because Petitioner was no longer receiving the benefit of his plea bargain because a main factor underlying Petitioner's decision to plead guilty, the possibility of the death penalty, was declared unconstitutional for minors by the Supreme Court in *Roper v. Simmons* ten years after Petitioner's plea. The South Carolina Circuit Court and Supreme Court found *Roper v. Simmons* to be inapplicable to Petitioner's case, and the court agrees. "Petitioner, although a minor at the time of the commission of the offense in question, was not sentenced to death and therefore the constitutional right recognized in *Roper* is clearly inapplicable." *Schane v. Cain*, No. 07-1068, 2007 WL 4967081, at *3 (W.D. La. Oct. 24, 2007) (citing *In re Hill*, 437 F.3d 1080, 1082 n.1 (11th Cir. 2006); *Culpepper v. McDonough*, 2007 WL 2050970, at *3 (M.D. Fla. July 13, 2007) ("Although *Roper* addresses a new and distinct constitutional right, the *Roper* decision is to be narrowly construed to include capital cases involving death sentences for minors. The constitutional claim in *Roper* sets a clear precedent by abolishing the execution of minors, but it does not particularly address the application of that constitutional claim to mandatory life sentences pertaining to minors."); *Smith v. Howes,* 2007 WL 522697, at *2 (E.D.

9

Mich. Feb. 14, 2007) ("In *Roper,* the Supreme Court held that execution of individuals who were under 18 years of age at the time of their capital crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner is not facing execution. Therefore . . . *Roper* . . . does not announce a constitutional right newly recognized by the Supreme Court which is relevant to Petitioner's case")).

Other courts have found that the Supreme Court's decision in *Brady v. United States*, 397 U.S. 742 (1970) supports the position that *Roper* is inapplicable to cases where a minor was facing the death penalty but pled guilty in exchange for a lesser sentence. *See Hill v. Sec'y, Fla. Dep't of Corr.*, No. 2:06-CV-277-FTM-29DNF, 2009 WL 2256024 (M.D. Fla. July 28, 2009); *Wade v. Commonwealth*, No. 2006-CA-001195-MR, 2007 WL 4210486 (Ky. App. Nov. 30, 2007). In *Brady,* after the Supreme Court had ruled that the death penalty was no longer a possible sentence under the federal kidnapping statute, a federal criminal defendant sought relief under §2255 from his kidnapping guilty plea, which was given in part to avoid the possibility of a death sentence. *Brady,* 397 U.S. 742. The Supreme Court held that "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 756. In addition, the Supreme Court reiterated the rule that "a plea of guilty is not invalid merely because entered to avoid the possibility of the death penalty." *Id.* at 755. The court finds that under the reasoning of *Brady,* Petitioner's guilty plea is not invalid merely because Petitioner pled guilty to avoid the possibility of a death penalty, a possibility that no longer exists in light of *Roper.* Therefore, the court finds Petitioner's first three grounds for habeas arguing that Petitioner is entitled to withdraw his guilty plea in light of *Roper* to be meritless.

In Petitioner's last ground for habeas relief, he argues that the circuit judge was not able to ensure that Petitioner will be eligible for parole by resentencing him because the resentence for murder will constitute a violent conviction subsequent to Petitioner's Lee County violent conviction for trafficking and therefore make Petitioner ineligible for parole under South Carolina Code section 24-21-640. The relevant portion of that statute provides: "The board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60." S.C. Code Ann. § 24-21-640. On Appeal, the South Carolina Supreme Court held that under their interpretation of section 24-21-640 "in order to trigger the no-parole language, a defendant must not only have a separate sentencing hearing, but he or she must also have a separate conviction. (R. p. 108) (emphasis in original). Petitioner "entered his pleas to both the Sumter County and Lee County charges in the same proceeding, and only his sentences, not his convictions, on the Sumter County charges were overturned by the PCR Court." *Id.* at 109. Therefore, the Supreme Court found that after being resentenced on the Sumter County charges by the circuit court, Petitioner is eligible for parole and is receiving the benefit of his plea bargain. *Id.* The court finds that the Supreme Court's decision upholding the circuit judge's decision to resentence Petitioner instead of granting Petitioner a new trial did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The court finds that Petitioner plea bargained for a sentence of life imprisonment with the possibility of parole after thirty years, and that after being resentenced by the circuit court, Petitioner is receiving the benefit of his bargain and is now eligible for parole after serving thirty years of his life sentence.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Petitioner Ronald Donald Dingle's habeas petition be **DISMISSED** without prejudice and without issuance of service of process upon Respondent.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 10, 2009**
**Charleston, SC**